Mark D. Petersen (State Bar No. 111956)
   mpetersen@fbm.com
Sebastian A. Jerez (State Bar No. 244109)
   sjerez@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

E-filing

Attorneys for Plaintiff
TERILOGY CO., LTD.

ORIGINAL FILED
JUL 11 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08 3364

TERILOGY CO., LTD.,

        Plaintiff,

  vs.

GLIMMERGLASS NETWORKS, INC.,

        Defendant

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**    EMC

1. Fraud
2. Negligent Misrepresentation
3. Breach of Covenant of Good Faith and Fair Dealing
4. Mistake
5. Unjust Enrichment

Plaintiff Terilogy Co., Ltd., alleges as follows:

This action arises from Defendant Glimmerglass' failure to act in good faith in the negotiation and performance of obligations arising from two stock purchase agreements and a distribution agreement. As described more fully herein, Terilogy at all times acted in good faith in negotiating a significant investment in Glimmerglass via stock purchase agreements, in return for an exclusive distribution agreement in Japan. Glimmerglass failed to perform its obligations and furthermore terminated the distribution agreement in bad faith. Despite Terilogy's request for return of its investment (and rescission of the agreements) after being fraudulently induced to enter into the stock purchase agreements and the distribution agreement, Glimmerglass refuses to return the money or rescind the agreements. Terilogy now brings this action.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.

22753\1467091.1


## PARTIES

1. Plaintiff Terilogy Co., Ltd., is a Japanese corporation with its principal place of business at Nihon Jisho Daiichi Bldg 4F, 1-13-5, Kudan-kita, Chiyoda-hu, Tokyo, 102-0073 Japan. Terilogy is a leading global provider of service assurance software solutions that help both service providers improve and enterprises achieve better returns from their complex IT infrastructures. Terilogy markets primarily to telecommunications companies and Internet Service Providers, as well as to other IT-intensive organizations like financial services companies, outsourcers of IT services, application service providers and other multinationals.

2. Defendant Glimmerglass Networks, Inc., is a Delaware corporation whose principal place of business is located at 26412 Eden Landing Road, Hayward, CA 94545. Glimmerglass develops and markets Intelligent Optical Switching solutions for the telecommunications industry and governments.

## JURISDICTION AND VENUE

3. Diversity jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1332. The two elements of diversity jurisdiction are present here. The parties are citizens of diverse states or nations and the amount in dispute is greater than $75,000. Terilogy is informed and believes and thereon alleges that Glimmerglass is a resident of and/or has its principal place of business in the state of California. Terilogy is a resident of and incorporated in Japan. The events alleged herein occurred in Alameda County, California, located within the Northern District of California, making venue proper pursuant to Civil L.R. 3.2(c), (e). The parties' distribution agreement allows for proper venue in any state or federal court located within the Northern District of California. In the stock purchase agreements at issue, the parties agreed to Santa Clara County, California as the proper venue for resolution of disputes related to those agreements.

## INTRADISTRICT ASSIGNMENT

4. Assignment is proper in the San Francisco or Oakland Division because a substantial portion of the events and/or omissions that give rise to this dispute occurred in Alameda County, California.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.    - 2 -    22753\1467091.1

## FACTUAL ALLEGATIONS

5. Terilogy has been in the business of helping companies find service assurance solutions since 1989. Until 2006, it typically entered into reseller agreements with manufacturers of service assurance products to market and distribute their products in Japan and Asia.

6. In 2005, NTT, a Japanese corporation also engaged in Terilogy's business, introduced Terilogy to Glimmerglass as a potential reseller of Glimmerglass' products in Japan. Terilogy initially sought to enter into an exclusive distribution agreement with Glimmerglass for its products in Japan. Glimmerglass rejected this proposal and instead proposed that Terilogy invest in Glimmerglass in return for exclusive distribution of Glimmerglass' products in Japan

7. After several meetings in which Terilogy made clear that its intent was to exchange its investment in Glimmerglass for an exclusive distribution agreement, the parties executed the first Series B1 Stock Purchase Agreement (attached as Exhibit A) and their Distribution Agreement (attached as Exhibit B) on the same day, February 9, 2006.

8. By the terms of the first Series B1 Stock Purchase Agreement, Terilogy purchased 2,115,506 Glimmerglass Series B1 Shares for $1,000,000.00. In return, Glimmerglass entered into the Distribution Agreement with Terilogy, with two essential components: (1) Glimmerglass granted "Sole Master Distributor" status to Terilogy in Japan with exceptions discussed below; and (2) to the extent that Glimmerglass had distribution agreements with any other resellers, including Nissho Electronics, Glimmerglass was required to use reasonable efforts to "lawfully terminate or modify this contractual relationship within a reasonable time to ensure [Terilogy's] 'master' status" as the distributor of Glimmerglass' products in Japan.

9. This exchange of investment for exclusive distribution rights is made explicit in the Schedule of Exceptions (attached as Exhibit C) to the first Series B1 Stock Purchase Agreement. Section 3.7(b)(i) of the Schedule states: "The Company and Terilogy Co., Ltd., a Japanese systems integrator, intend to negotiate a distribution agreement for Terilogy to sell the Company's products in Japan. As part of the relationship, it would be expected that Terilogy would invest $1 million in the Company's Series B-1 financing."

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.                                    - 3 -                                    22753\1467091.1

10. A few months later, Terilogy made another investment in Glimmerglass Series B1 shares, executing the Second Series B1 Stock Purchase Agreement in June 2006 (attached as Exhibit D). Terilogy purchased 286,885 shares for $135,610.54. Again, the Schedule of Exceptions to this stock purchase agreement (attached as Exhibit E) made explicit that Terilogy and Glimmerglass entered into the Second Stock Purchase agreement in exchange for Sole Master Distributor status as Glimmerglass' distributor in Japan, stating: "The Company [Glimmerglass] and Terilogy Co., Ltd. ("Terilogy"), a Japanese systems integrator, signed a distribution agreement for Terilogy to sell the Company's products in Japan. Terilogy also invested in Glimmerglass' Series B1 Preferred stock."

11. Soon after Terilogy and Glimmerglass agreed to be bound by these obligations, Terilogy learned that Glimmerglass failed to make the requisite efforts to terminate Glimmerglass' distribution agreement with Nissho, and Glimmerglass was in fact negotiating a new agreement with Nissho to distribute Glimmerglass' products in Japan.

12. Terilogy immediately contacted Glimmerglass to insist upon compliance with the parties' respective obligations under the Stock Purchase Agreements and Distribution Agreement. When confronted with Terilogy's knowledge that Glimmerglass had in fact simultaneously negotiated a separate distribution agreement with Nissho, undercutting Terilogy's Sole Master Distributor status, Glimmerglass assured Terilogy that this was not the case. Glimmerglass suggested that the agreement with Nissho fell within the Original Equipment Manufacturer ("OEM") exception to the Distribution Agreement with Terilogy. The OEM exception to the Distribution Agreement provided that resellers other than Terilogy could sell Glimmerglass' products to manufacturers that would incorporate the Glimmerglass product into a separate, original product for sale.

13. In May 2006, Terilogy sought further assurances from Glimmerglass and requested to see the disputed distribution agreement between Glimmerglass and Nissho. Glimmerglass initially agreed to provide Terilogy with the agreement. Then, Glimmerglass said that Terilogy could only view the agreement. Finally, Glimmerglass declared that the distribution agreement with Nissho was confidential and refused to disclose its terms to Terilogy.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.                                   - 4 -                                   22753\1467091.1

14. In the meantime, Terilogy was attempting to market Glimmerglass' products to potential buyers. Glimmerglass was unable or unwilling to deliver a product with the promised applications, however, so Terilogy's good faith efforts to market Glimmerglass' products were frustrated.

15. In September 2006, Terilogy, still believing that Glimmerglass was operating in good faith, sought to clarify the definition of OEM as well as the rights and obligations of the parties pursuant to the original Distribution Agreement. The parties negotiated an addendum to the Distribution Agreement, which was intended to provide greater clarity to the OEM issue. The proposed addendum explicitly stated that all distribution agreements with Nissho must be limited to OEM's. Then, after negotiating mutually acceptable terms, Glimmerglass refused to sign the agreement.

16. Instead, with Terilogy's $1.136 million investment in hand, Glimmerglass abruptly terminated the Distribution Agreement on January 23, 2007, less than a year after the original Stock Purchase Agreements and Distribution Agreement were executed. While the termination was ostensibly for convenience, it is clear now that Glimmerglass had no intention of ever actually providing Terilogy with the exclusive distributor status in Japan that both parties knew was the fundamental basis for Terilogy's substantial investment in Glimmerglass.

17. Glimmerglass induced Terilogy to invest $1.136 million in Glimmerglass with the false promise that Terilogy would have exclusive distribution rights in Japan. Once the investment was made, Glimmerglass wrongfully took advantage of the termination for convenience clause without ever making a good faith effort to fulfill its obligations under the Stock Purchase Agreements or Distribution Agreement.

## FIRST CAUSE OF ACTION

### (Fraud)

18. Terilogy incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.                         - 5 -                    22753\1467091.1

19. The representations made by Glimmerglass set forth above -- that among other things Glimmerglass intended to use its best efforts to grant Terilogy exclusive distribution rights in Japan -- were false when Glimmerglass made them, and Glimmerglass knew they were false.

20. Instead of ensuring Terilogy's exclusive distribution rights, Glimmerglass made no effort to cancel pre-existing distribution agreements and actually negotiated a distribution agreement with another company to distribute products in Japan at the same time that Terilogy was purportedly granted Sole Master Distributor status.

21. Glimmerglass made these representations described above with the intent and purpose of defrauding Terilogy and to induce Terilogy into purchasing Glimmerglass' Series B1 Shares.

22. Terilogy reasonably relied on Glimmerglass' representations and believed them to be true, and as a result was induced to purchase 2,402,391 Series B1 Shares for approximately $1.136 million.

23. As a direct and proximate result of Glimmerglass' fraudulent conduct, Terilogy has been damaged in the sum of $1.5 million.

WHEREFORE, Terilogy prays for judgment against Glimmerglass as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Negligent Misrepresentation)

24. Terilogy incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

25. Glimmerglass represented that it would make reasonable efforts to grant Terilogy Sole Master Distributor status of Glimmerglass' products in exchange for Terilogy's investment in Glimmerglass' shares.

26. Glimmerglass' representations were untrue as it did not have a reasonable basis for its statements that it could or would grant exclusive distribution rights to Terilogy in exchange for Terilogy's investment in Glimmerglass' shares.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.                                    - 6 -                              22753\1467091.1

27. Glimmerglass knew that Terilogy's sole reason for investing in Glimmerglass was to obtain exclusive distribution rights of Glimmerglass' products and Glimmerglass' negligent misrepresentations were made with the intent to induce Terilogy's investment in Glimmerglass.

28. Terilogy, justifiably believing that Glimmerglass was acting in good faith, reasonably relied on Glimmerglass' misrepresentations and entered into the Stock Purchase Agreements (thereby investing approximately $1.136 million) and the Distribution Agreement, with the understanding that Terilogy's investment in Glimmerglass was being exchanged for exclusive distribution rights of Glimmerglass' products in Japan.

29. As a result of Terilogy's reliance on Glimmerglass' negligent misrepresentations, Terilogy has sustained approximately $1.5 million in damages.

WHEREFORE, Terilogy prays for judgment against Glimmerglass as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

30. Terilogy incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

31. California law implies a covenant of good faith and fair dealing in all contracts between parties entered in the State of California. Thus, such a covenant is implied in the Stock Purchase Agreements and the Distribution Agreement entered into between Terilogy and Glimmerglass.

32. Glimmerglass breached the implied covenant of good faith and fair dealing in each of the agreements with Terilogy by failing to make the effort required by the Stock Purchase Agreements and Distribution Agreement and to ensure Terilogy's status as the Sole Master Distributor of Glimmerglass' products in Japan.

33. Glimmerglass further breached the implied covenant of good faith and fair dealing by purposefully undermining Terilogy's exclusive distribution rights through its negotiation of distribution agreements with third parties in direct contravention of Terilogy's exclusive distribution rights.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.                                          - 7 -                                    22753\1467091.1

34.  Glimmerglass' wrongful refusal to terminate existing distribution agreements, wrongful negotiation of distribution agreements with third parties, and subsequent termination of the Distribution Agreement prevented Terilogy, who at all times acted in good faith, from achieving the benefit of its bargain under the Stock Purchase Agreements and the Distribution Agreement and constitutes a breach of the implied covenant of good faith and fair dealing in each of those agreements.

35.  As a direct and proximate result of Glimmerglass' breach, Terilogy has sustained approximately $1.5 million in damages.

WHEREFORE, Terilogy prays for judgment against Glimmerglass as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Mistake – Rescission of Contract)

36.  Terilogy incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

37.  Terilogy and Glimmerglass entered into the Stock Purchase Agreements and the Distribution Agreement without achieving a meeting of the minds on the crucial terms in those agreements.

38.  Terilogy intended that Glimmerglass' obligation under the agreements was to grant Terilogy Sole Master Distributor status in Japan, in exchange for Terilogy's investment in Glimmerglass.

39.  Excluded from the definition of Sole Master Distributor status were resellers who engaged in OEM sales.

40.  After executing the agreements, there was a disagreement as to what constituted an OEM sale, and whether Glimmerglass' efforts to enter into distribution agreements with third parties undermined Terilogy's Sole Master Distributor status. It was thus clear that the parties had never, in fact, understood this point or reached an agreement about it. The parties attempted to achieve a mutual understanding of OEM sales, but these efforts failed.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.                                    - 8 -

22753\1467091.1

41. This failure to reach an understanding on the definition of an OEM evidences a mutual mistake of fact as to a material term in the Distribution Agreement. Terilogy's investment in Glimmerglass was contingent on its understanding of OEM and the scope of its status as the Sole Master Distributor of Glimmerglass' products. Glimmerglass, however, had a fundamentally different understanding of the meaning of OEM, and thus of the parties' rights and obligations under the agreements.

42. The parties' unilateral or mutual mistakes of fact with respect to a basic assumption in the agreement, materially affected the exchanged performance, leaving Terilogy with none of its bargained for benefits and Glimmerglass in a significantly better position as a result of the mistake.

43. Terilogy did not assume the risk of this mistake as it was unaware that Glimmerglass was negotiating in bad faith and/or did not intend to grant exclusive distribution rights to Terilogy in Japan.

44. As a result of Terilogy and/or Glimmerglass' mistake of fact with respect to a material terms in the Stock Purchase Agreements and the Distribution Agreement, Terilogy requests that the Court rescind the Stock Purchase Agreements and restore Terilogy's investment of approximately $1.136 million.

WHEREFORE, Terilogy prays for judgment against Glimmerglass as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

45. Terilogy incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

46. Terilogy alleges that Glimmerglass was improperly enriched at Terilogy's expense. Glimmerglass never intended to grant exclusive distribution rights to Terilogy in exchange for Terilogy's investment in Glimmerglass, whereas Terilogy invested in Glimmerglass with the sole expectation that Glimmerglass would make all reasonable efforts to cancel existing

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.                                              - 9 -                                              22753\1467091.1

1  distribution contracts to ensure Terilogy's status as Sole Master Distributor of Glimmerglass'
2  products.
3      47.   As a result, Terilogy and Glimmerglass did not enter into a valid agreement as the
4  parties never achieved a mutual understanding of their rights and obligations under the
5  agreements described herein.
6      48.   This failure of the parties to come to an agreement has resulted in Glimmerglass'
7  unjust enrichment. Glimmerglass never made the reasonable efforts it was obligated to make
8  under the Distribution Agreement to ensure Terilogy's Sole Master Distributor status. Instead,
9  Glimmerglass actively undermined Terilogy's bargained-for rights by negotiating distribution
10 agreements with third parties. Glimmerglass has wrongfully enriched itself by keeping Terilogy's
11 investment despite Glimmerglass' failure to fulfill its obligations. Terilogy has no adequate
12 remedy at law.
13     49.   As a direct and proximate result of Glimmerglass' wrongful conduct, Terilogy has
14 been harmed and requests that the court disgorge Glimmerglass' unjust enrichment of
15 approximately $1.5 million.

WHEREFORE, Terilogy prays for judgment against Glimmerglass as hereinafter set forth.

### PRAYER FOR RELIEF

Plaintiff Terilogy therefore prays for the following relief:

1. For damages, in an amount to be proven at trial, but in any event at least $1.136 million;
2. Rescission of the Stock Purchase Agreements and a return of Terilogy's $1.136 million investment;
3. For costs and disbursements of the action, including reasonable attorneys' fees, expert fees, costs, and expenses; and
4. Such other and further relief as the Court deems just and proper.

//
//
//

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.                                - 10 -                              22753\1467091.1

## JURY DEMAND

Plaintiff Terilogy demands a trial by jury.

Dated: July 11, 2008

FARELLA BRAUN & MARTEL LLP

By: _____
Mark D. Petersen

Attorneys for Plaintiff
TERILOGY CO., LTD.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

COMPLAINT AND DEMAND FOR JURY TRIAL
CASE NO.                                - 11 -                          22753\1467091.1