RODGER R. COLE (CSB NO. 178865)
rcole@fenwick.com
RACHAEL G. SAMBERG (CSB NO. 223694)
rsamberg@fenwick.com
MARY E. MILIONIS (CSB NO. 238827)
mmilionis@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    (650) 988-8500
Facsimile:     (650) 938-5200

Attorneys for Defendant
GLIMMERGLASS NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERILOGY CO., LTD.,<br><br>            Plaintiff,<br><br>    v.<br><br>GLIMMERGLASS NETWORKS, INC.,<br><br>            Defendant. | Case No.  3:08-cv-03364<br><br>**DECLARATION OF MARY E. MILIONIS IN SUPPORT OF DEFENDANT'S ADMINSTRATIVE MOTION TO FILE COMPLAINT EXHIBITS UNDER SEAL**<br><br>Judge: Hon. Edward M. Chen<br>Complaint Filed: July 11, 2008<br>Trial Date: None Set |

I, Mary E. Milionis, declare as follows:

1.     I am an attorney with the law firm of Fenwick & West LLP, counsel for Defendant Glimmerglass Networks, Inc. ("Glimmerglass"). I make this declaration in support of Glimmerglass' Administrative Motion to File Plaintiff Terilogy Co., Ltd.'s Complaint Exhibits Under Seal. I make the following statements based upon my personal knowledge, and, if called upon to testify, would testify competently thereto.

1    2.   On July 11, 2008, Terilogy filed a complaint initiating the above entitled action
2 (the "Complaint").  Docket No. 1.  Attached to the Complaint are five exhibits that constitute
3 highly confidential and proprietary Glimmerglass documents.  They are:

- **Exhibit A**: Glimmerglass Networks, Inc. Series B1 Preferred Stock Purchase Agreement;
- **Exhibit B**: Distributor Agreement Between Glimmerglass and Terilogy;
- **Exhibit C**: Schedule of Exceptions to the Series B1 Preferred Stock Purchase Agreement;
- **Exhibit D**: Glimmerglass Networks, Inc. Second Series B1 Preferred Stock Purchase Agreement (unsigned); and,
- **Exhibit E**: Schedule of Exceptions to the Second Series B1 Preferred Stock Purchase Agreement

3.   Exhibit B is a Distributor Agreement between Glimmerglass and Terilogy effective on or about February 9, 2006 (the "Distributor Agreement").  It contains proprietary information regarding the sale, distribution, and marketing of products manufactured by Glimmerglass which, if publicly disclosed, could result in competitive harm to Glimmerglass.  Indeed, the Distributor Agreement by its own terms constitutes "Confidential Information" which, as applicable to this action, can be disclosed to third parties only "to the extent required by applicable law or order of a court, government agency or other government body."  *See* Ex. B, § 7.3.

4.   Exhibit A is the Series B1 Stock Purchase Agreement, effective January 24, 2006, to which both Glimmerglass and Terilogy are parties.  Exhibit C is the Schedule of Exceptions to the representations and warranties made by Glimmerglass in Exhibit A.  Both Exhibit A and C contain Glimmerglass' highly confidential and proprietary business information regarding its financing and structure which, if publicly disclosed, could result in competitive harm to Glimmerglass.  Accordingly, Section 6.16 of Exhibit A requires that Terilogy "shall at all times keep confidential and not divulge, furnish or make accessible to anyone any confidential

1  information, knowledge or data concerning or relating to the business or financial affairs of the
2  other parties to which such party has been or shall become privy by reason of this Agreement…"

3      5.    Exhibit D is an unsigned and undated version of the Second Series B1 Stock
4  Purchase Agreement to which both Glimmerglass and Terilogy are parties.  Exhibit E is the
5  Schedule of Exceptions to the representations and warranties made by Glimmerglass in Exhibit
6  D.  Both Exhibit D and E contain Glimmerglass' highly confidential and proprietary business
7  information regarding its financing and structure which, if publicly disclosed, could result in
8  competitive harm to Glimmerglass.  Terilogy's obligation to keep the terms of Exhibit E and
9  Exhibit D confidential is laid out in Section 6.16 of Exhibit E, which is identical to the
10  confidentiality obligation described above in relation to Exhibit A.

11      6.    On or about July 16, 2008, Rodger R. Cole, a partner at my firm, emailed Mark
12  Petersen, counsel for Terilogy, informing him that the Exhibits to the Complaint were
13  confidential documents that should be made publicly available.  Mr. Cole's email, which I was
14  copied on, further indicated that Glimmerglass intended to file a motion to seal the Exhibits and
15  asked Mr. Petersen if his client would stipulate to the filing of the Exhibits under seal or
16  otherwise not oppose a motion to seal.

17      7.    On or about July 18, 2008, Mr. Cole again emailed Mr. Petersen to ask whether
18  Terilogy intended to oppose the motion to seal the Exhibits.  Later that day Mr. Petersen
19  responded via email that Terilogy would not oppose the motion.  I was copied on both Mr. Cole's
20  email and Mr. Petersen's response.

21      I declare under penalty of perjury that the foregoing is true and correct, and that this
22  declaration was executed on July 18, 2008 in San Francisco, California.

                                                             _____/s/ Mary E. Milionis_____
                                                                 Mary E. Milionis

23031/00400/LIT/1288541.1

MILIONIS DECL. ISO ADMINSTRATIVE MOTION TO FILE UNDER SEAL     3     CASE NO. 3:08-CV-03364