1  RODGER R. COLE (CSB NO. 178865)
   rcole@fenwick.com
2  FENWICK & WEST LLP
   Silicon Valley Center
3  801 California Street
   Mountain View, CA 94041
4  Telephone:  (650) 988-8500
   Facsimile:  (650) 938-5200
5
   RACHAEL G. SAMBERG (CSB NO. 223694)
6  rsamberg@fenwick.com
   MARY E. MILIONIS (CSB NO. 238827)
7  mmilionis@fenwick.com
   FENWICK & WEST LLP
8  555 California Street, 12th Floor
   San Francisco, CA 94104
9  Telephone: (415) 875-2300
   Facsimile:  (415) 281-1350
10
   Attorneys for Defendant
11 GLIMMERGLASS NETWORKS, INC.

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 TERILOGY CO., LTD.,                    Case No. 3:08-CV-03364 EMC

16            Plaintiff,                  **REQUEST FOR JUDICIAL NOTICE IN
                                          SUPPORT OF DEFENDANT
17 v.                                     GLIMMERGLASS NETWORKS, INC.'S
                                          MOTION TO DISMISS PURSUANT TO
18 GLIMMERGLASS NETWORKS, INC.,           RULE 12(b)(6)**

19            Defendant.                  Date:   October 15, 2008
                                          Time:   10:30 A.M.
20                                        Dept:   Courtroom C, 15th Floor
                                          Judge:  The Honorable Edward M. Chen
21
                                          Complaint Filed: July 11, 2008
22                                        Trial Date: None Set

---

DEFENDANT'S REQUEST FOR JUDICIAL
NOTICE                                                       CASE NO. 3:08-CV-03364

Pursuant to Rule 210 of the Federal Rules of Evidence, and in connection with Defendant Glimmerglass Networks Inc.'s ("Glimmerglass" or "Defendant") concurrently-filed Motion to Dismiss the Complaint of Plaintiff Terilogy Co., Ltd.'s ("Terilogy" or "Plaintiff") Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant hereby requests that the Court take judicial notice of the following:

- Exhibit B to the Distributor Agreement ("Distributor Agreement") entered into by Plaintiff and Defendant on or about February 9, 2006.

Plaintiff had attached the Distributor Agreement to its Complaint, but without its associated exhibits. Exhibit B to the Distributor Agreement is entitled "Territory" (referred to herein as the "Territory Exhibit"), and a true and correct copy is attached as Exhibit A hereto and authenticated by the Declaration of Robert A. Lundy ("Lundy Decl."), filed herewith. *See* Lundy Decl. ¶¶ 1-2.

The Territory Exhibit is properly the subject of judicial notice where, as here, Plaintiff's theory of liability against Defendant centers upon an agreement but the plaintiff fails to attach the entire agreement, and where no party questions the authenticity of the missing portions of the agreement. *See Sw. Pet Prod., Inc. v. Koch Indus., Inc.*, 89 F. Supp. 2d 1115, 1120 (D. Ariz. 2000) (*rev'd in part on other grounds*) (in granting the defendant's motion to dismiss, the court considered both physical sides of a written contract where the plaintiff included only the front side of the contract in the complaint, holding that both sides of the contract govern). A court may take judicial notice of documents on which the allegations in a complaint necessarily rely, even if not expressly referenced in the complaint, provided that the authenticity of such documents is not in dispute. *See, e.g., In re Tibco Software Secs. Litig.*, No. C 05-2146 SBA, 2006 U.S. Dist LEXIS 36666, *48 (N.D. Cal. Dec. 14, 2001); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003).

Additionally, in the specific context of a motion to dismiss pursuant to Rule 12(b)(6), it is proper for the court to consider documents referred to or relied on in the complaint, but which the plaintiff failed to attach, so that the court may determine whether a plaintiff has alleged facts sufficient to establish the elements of the claims asserted. *See e.g. Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds), *cert denied* 512 U.S. 1219 (1997); *Parrino*

1  *v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *cert denied* 525 U.S. 1001 (1998); *Graphic Arts Sys. v. Scitex Am. Corp.*, No. CV 92-6997, 1993 U.S. Dist. LEXIS 21052, *15-16 (C.D. Cal. May 25, 1993) (granting motion to dismiss; "Plaintiffs cannot keep the contracts out simply by refusing to attach them when the representations in the contracts will be a decisive factor in determining whether plaintiffs have stated a claim upon which relief can be granted."); *Medimatch, Inc. v. Lucent Techs., Inc.*, 120 F. Supp. 2d 842 (N.D. Cal. 2000).

Here, Plaintiff has alleged that it entered into the Distributor Agreement with Defendant. Complaint ¶ 7. Plaintiff further alleges, among other things, that Defendant made fraudulent and/or negligent misrepresentations that it would "use its best efforts to grant Terilogy exclusive distribution rights in Japan" in connection with that agreement *Id.* at ¶ 19 (allegation supporting fraud claim); *see also* ¶ 26 (similar allegation in support of negligent misrepresentation claim). These allegations necessarily pertain to the geographic and market scope of Plaintiff's distribution rights, which are in part set forth in the Territory Exhibit. *See* Complaint Ex. B, ¶ 1.1 (noting that Plaintiff's rights to certain territories and markets is outlined in the Territory Exhibit). In addition, Plaintiff alleges that Defendant made oral representations outside of the Distributor Agreement regarding the scope of Plaintiff's distribution rights. *See, e.g.,* Complaint ¶¶ 16-17, 19, 25. Thus, the Parties' written agreements—<u>in their entirety and inclusive of their exhibits</u>—are necessary for the Court to determine whether the agreements are final and complete, whether the alleged oral representations conflict with or are consistent with their terms, and whether the alleged oral representations should be considered.

Despite the fact that Plaintiff's claims require analysis of the scope of rights conferred by the Distributor Agreement and its exhibits, Plaintiff neither attached to the Complaint nor set forth the terms of the Territory Exhibit *in haec verbae* for consideration. Defendant offers the Territory Exhibit now. Without consideration of the Territory Exhibit, the Court is unable to evaluate whether Plaintiff has sufficiently alleged its causes of action in connection with Defendant's motion to dismiss. *See Shakey's Inc. v. Covalt*, 704 F.2d 426, 434 (9th Cir. 1983) (when interpreting a contract, it "must be read as a whole and every part interpreted with reference to the whole."); *see also United States v. Johnson*, 43 F.3d 1308, 1310 (9th Cir. 1994)

1 | (same).

2 |     For the foregoing reasons, Defendant respectfully requests that the Court take judicial

3 | notice of the Territory Exhibit.

4 | Dated: August 22, 2008            By:    /s/ Rodger R. Cole

5 |                                                                               Rodger R. Cole

6 |                                                   Attorneys for Defendant
GLIMMERGLASS NETWORKS, INC.

7 | 23031/00400/LIT/1290515.1

(lines 8–28 blank)

# EXHIBIT A

# EXHIBIT SUBMITTED UNDER SEAL PURSUANT TO ADMINISTRATIVE MOTION TO SEAL